# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Ian A. Woods, | 2:14-cv-01982-JAD-NJK |
| Petitioner | |
| v. | **Order Granting Motion to Dismiss, Dismissing Petition as Untimely, Denying Certificate of Appealability, and Closing Case** |
| Brian Williams, SR, et al., | |
| Respondents | [ECF No. 10] |

Nevada state prisoner Ian A. Woods brings this 18 USC § 2254 petition to challenge his 2011 state court burglary conviction and sentence. Respondents move to dismiss Woods's petition in its entirety, arguing that his petition is untimely and that most of his claims are procedurally barred.[1] I agree that Woods's petition is untimely, so I dismiss it in its entirety, decline to issue Woods a certificate of appealability, enter judgment for respondents and against Woods, and close this case.

## Background

On September 29, 2011, Woods was convicted of burglary in Nevada's Eighth Judicial District Court after he entered a guilty plea.[2] The trial court adjudicated Woods a habitual criminal[3] and sentenced him to 5–15 years in prison.[4] Woods did not pursue a direct appeal.

Woods filed a motion to correct illegal sentence in the state district court about five months

---

[1] ECF No. 10.

[2] Ex. 14.

[3] Under NRS 207.010(a).

[4] Ex. 14.

later.[5] The state district court denied Woods's motion;[6] Woods appealed,[7] and the Nevada Supreme Court affirmed.[8]

On August 23, 2012, Woods filed a state habeas petition.[9] The state district court denied Woods's petition;[10] Woods appealed,[11] and the Nevada Supreme Court affirmed.[12]

Almost three months later, Woods filed a second habeas petition[13] and motion to correct illegal sentence[14] in state court. The state district court dismissed Woods's second petition as untimely and successive[15] and again denied his motion to correct his sentence.[16] Woods appealed. The Nevada Supreme Court affirmed the dismissal of his second petition as procedurally barred and affirmed the denial of his second motion to correct sentence.[17]

Woods then filed a document titled "Lozada Appeal"[18] in state district court, which the court

---

[5] Ex. 17.

[6] Ex. 24.

[7] Ex. 20.

[8] Ex. 47.

[9] Ex. 36, Ex. 40.

[10] Ex. 52.

[11] Ex. 41.

[12] Ex. 97.

[13] Ex. 48.

[14] Ex. 49.

[15] Ex. 83.

[16] *Id.*

[17] Ex. 166.

[18] Ex. 151.

construed as Woods's third habeas petition and denied.[19]  The Nevada Supreme Court affirmed, stating that the third petition was procedurally barred as untimely and successive.[20]

In the meantime, Woods filed at least seven other motions in state district court requesting various forms of relief;[21] each was summarily denied.[22]  Woods appealed the denial of his motions to the Nevada Supreme Court, which dismissed Woods's appeals without reaching the merits stating that it lacked jurisdiction over those appeals.[23]  In response to Woods's flurry of filings, the state sought a court order declaring Woods a vexatious litigant and requested an injunction limiting his future filings.[24]  After holding a hearing on the state's motion, the state district court found Woods to be a vexatious litigant and enjoined Woods from making further filings in his criminal case without leave of court.[25]

Woods dispatched this federal habeas petition on November 21, 2014.[26]  In his petition, Woods asserts 12 claims for relief: 11 ineffective-assistance-of-counsel claims and 1 due-process claim challenging Nevada's sentencing statutes.  Respondents move to dismiss Woods's petition, arguing that it is barred by AEDPA's one-year statute of limitations.

---

[19] Ex. 171.

[20] Ex. 196.

[21] Ex. 65 (ex parte motion to dismiss), 119 (first amended motion to dismiss), 124 (motion for first amendment and Fourteenth Amendment protection), 129 ( motion to compel court to correct errors and omissions),148 (supplemental brief), 174 (addendum the domino effective comparative analysis of illegal invalid and void resolutions, bills, acts, and Nevada revised statutes, etc.), 181 (motion under DCR Rule 60(b)).

[22] Ex. 122, 137, 138, 154, 188.

[23] Ex. 139, 145, 167, 170, 197.

[24] Ex. 184.

[25] Ex. 199.

[26] ECF No. 5 at 1.

**Discussion**

**A.   Woods's petition must be dismissed because it is untimely.**

Woods's petition is subject to AEDPA's one-year limitations period, which began to run on the date that Woods's state-court judgment of conviction became final.[27] A judgment is final at "the conclusion of direct review or the expiration of the time for seeking [that] review."[28] Because Woods did not directly appeal his conviction, it became final on November 1, 2011—when the deadline to file a direct appeal expired.[29] Because Woods's one-year clock began to run on November 1, 2011, it expired on November 1, 2012, unless that deadline can be deemed to have been tolled.

   *1.   Woods's petition is not timely despite statutory tolling.*

The time that a properly filed state habeas petition is pending in state court is excluded from the limitations period.[30] Respondents concede that both Woods's first motion to correct an illegal sentence and first state habeas petition tolled the limitations period. When Woods filed his first motion to correct an illegal sentence, 122 days had run. The clock began to run again on August 21, 2013, when the Nevada Supreme Court affirmed the denial of Woods's state habeas petition and remittitur issued. Absent further tolling, the limitations period expired on April 21, 2014, after another 243 days had run. Woods did not dispatch his federal habeas petition until November 21, 2014—seven months after that deadline expired.

Because only the time that a properly filed habeas petition is pending in state court is excluded from the limitations period, Woods's second and third state habeas petitions did not toll the

---

[27] 28 USC § 2244(d)(1)(A). There are other dates on which the limitations period can begin to run but none of them apply here.

[28] *Id.*

[29] *Id.*; NEV. R. APP. P. 4(b)(1)(A) (providing that "the notice of appeal by a defendant or petitioner in a criminal case [must] be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed."). Woods's 30-day deadline to appeal expired on Saturday, October 29, 2011, and because Monday, October 31, 2011, was a Nevada holiday, Woods had until November 1, 2011, to file a notice of appeal. NEV. R. APP. P. 26(a)(3).

[30] 28 USC § 2244(d)(1)(2).

limitations period because they were both ruled untimely under state law and were thus not properly filed.[31]

Woods's second motion to correct an illegal sentence also did not toll the limitations period. The Nevada Supreme Court affirmed the denial of that motion, explaining that "[d]espite the fact that [Woods] labeled his claims as involving jurisdiction and an illegal sentence, [his] claims fell outside the narrow scope of claims permissible in a motion to correct an illegal sentence."[32] The Nevada Supreme Court then cited *Edwards v. State* for the proposition that a motion to correct an illegal sentence may not be used to circumvent procedural rules governing post-conviction petitions for habeas relief.[33] Because Wood's second motion to correct an illegal sentence was not properly filed in state court, it also did not toll the federal limitations period.

Finally, Woods is not entitled to statutory tolling by virtue of his numerous frivolous and vexations motions. The state court ruled that those motions were frivolous, filed in bad faith, and intended to vex and harass the court.[34] Therefore, those motions were also not properly filed and could not toll the statutory period.

### 2. *Woods is not entitled to equitable tolling.*

A federal habeas petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[35] Woods argues that he was prevented from timely filing his

---

[31] Ex. 166, 196. *See Pace v. DiGuiglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2).").

[32] Ex. 166 at 4.

[33] *Id.* (citing *Edwards v. State*, 918 P.2d 321, 324 (Nev. 1996)).

[34] Ex. 199 at 5–6.

[35] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418); *see also Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[T]he requirement that extraordinary circumstances stood in [the petitioner's] way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.") (internal quotations and citations omitted).

federal habeas petition and is entitled to equitable tolling because his trial attorney did not promptly provide him with her case file.

Woods has not shown that he is entitled to equitable tolling because his argument is purely conclusory. He does not explain what particular document he needed to formulate which claims. Plus, Woods's argument is belied by the record. Woods filed his second state habeas petition, which contains identical claims to his federal petition, in November 2012—almost a year and a half before the federal limitations period expired. Because Woods has not carried his burden to show that any extraordinary circumstances prevented him from timely filing this petition, he is not entitled to equitable tolling.[36] Because Woods's petition is time-barred by AEDPa's one-year statute of limitations, I dismiss it in its entirety.

### B. *I decline to issue a certificate of appealability.*

To obtain a certificate of appealability, a petitioner must make "a substantial showing of a denial of a constitutional right"[37] by showing that "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong."[38] To meet this threshold inquiry, the petitioner must demonstrate that the issues are debatable among jurists of reason, a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further.[39] Because no reasonable jurist would find my conclusion that Woods's petition is untimely debatable or wrong, I decline to issue Woods a certificate of appealability.

---

[36] Because I dismiss Woods's petition in its entirety as untimely, I decline to reach respondents' other arguments that the bulk of Woods's claims must also be dismissed because they are procedurally barred.

[37] 28 USC § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

[38] *Slack*, 529 U.S. at 484.

[39] *Id.*

### Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **respondents' motion to dismiss [ECF No. 10] is GRANTED; Woods's petition is dismissed in its entirety, and I decline to issue a certificate of appealability.**

The Clerk of Court is directed to enter judgment for respondents and against Woods and CLOSE THIS CASE.

Dated this 28th day of April, 2016.

_____
Jennifer A. Dorsey
United States District Judge